## DEED OF TRIPARTITE PAYMENT ASSUMPTION AND INDEMNITY

This DEED OF TRIPARTITE PAYMENT ASSUMPTION AND INDEMNITY ("Agreement") is made and entered into as of 20th May 2014 ("Effective Date"), by and between:

1.  LOUIS DREYFUS COMMODITIES FREIGHT ASIA PTE.LTD., a corporation having offices at 12 Marina Boulevard.Marina Bay Financial Centre Tower 3, #33-03 .Singapore Postcode: 018982 ("LDC"); and

2.  UTTAM GALVA METALLICS LTD., a company incorporated in India with an office at UTTAM HOUSE , 69, P D'MELLO ROAD, MUMBAI 400009 (" UGML");and

3.  LIBERTY COMMODITIES ASIA PTE LTD, a corporation having office at 8 MARINA VIEW 40-06 ASIA SQUARE TOWER 1, SINGAPORE 018960 ("LCA")

LDC, UGML, and LCA may be referred to individually as a "Party" and collectively as the "Parties".

### RECITALS

A.  WHEREAS, LDC concluded Charter Party with UTTAM GALVA METALLICS LTD dated 4th April 2014 (the "Contract"). The Contract is attached to this Agreement as Schedule 1;

B.  WHEREAS, UTTAM GALVA METALLICS LTD wishes for LIBERTY COMMODITIES ASIA PTE LTD to duly assume the payment obligations under the Contract;

C.  WHEREAS, UTTAM GALVA METALLICS LTD now wishes LDC to accept payment from LIBERTY COMMODITIES ASIA PTE LTD in full discharge of UTTAM GALVA METALLICS LTD's payment obligations under the Contract.

D.  WHEREAS, LDC seeks an indemnity from UTTAM GALVA METALLICS LTD for accepting payment from a third party outside the Contract, and UTTAM GALVA METALLICS LTD agrees to provide such an indemnity.

NOW THEREFORE, the Parties agree as follows:




## ARTICLE I : ASSUMPTION

1.1  UTTAM GALVA METALLICS LTD represents and warrants that any and all payment obligations which UTTAM GALVA METALLICS LTD had or will have under the Contract (the "Payment Obligations") are duly assumed by the LIBERTY COMMODITIES ASIA PTE LTD fully and absolutely.

1.2  In the event LIBERTY COMMODITIES ASIA PTE LTD fails to discharge the Payment Obligations, or any obligation under this Agreement then LDC may demand that (i) UTTAM GALVA METALLICS LTD procure LIBERTY COMMODITIES ASIA PTE LTD's proper performance of this Agreement or any Payment Obligations, or failing that, (ii) UTTAM GALVA METALLICS LTD shall perform this Agreement, or all or part of the outstanding Payment Obligations, in place of the LIBERTY COMMODITIES ASIA PTE LTD.

1.3  Upon LIBERTY COMMODITIES ASIA PTE LTD's full and complete discharge of the Payment Obligations UTTAM GALVA METALLICS LTD shall be released from their Payment Obligations.

1.4  This Agreement is without prejudice to LDC's and UTTAM GALVA METALLICS LTD's rights, powers, authorities, discretions, remedies, obligations and benefits under the Contracts.

1.5  All Parties have received good and valuable consideration for this Agreement, and such consideration is hereby acknowledged by all Parties.

## ARTICLE II : INDEMNITY

UTTAM GALVA METALLICS LTD agrees that it shall hold LDC harmless for any claim or liability which may arise, whatsoever, from LDC's consent to accept payment of the Contracts from LIBERTY COMMODITIES ASIA PTE LTD. In the event of liability or claim against LDC arising from payment of the Contracts to LDC from the LIBERTY COMMODITIES ASIA PTE LTD, then UTTAM GALVA METALLICS LTD shall indemnify LDC upon first demand for all costs, damages, losses, liabilities, and expenses (including but not limited to tax and legal expenses) as each arises.

## ARTICLE III : REPRESENTATIONS AND WARRANTIES

UTTAM GALVA METALLICS LTD and LIBERTY COMMODITIES ASIA PTE LTD represent and warrant to LDC that (i) this Agreement complies with any and all laws and regulations applicable to UTTAM GALVA METALLICS LTD and/or LIBERTY COMMODITIES ASIA PTE LTD, (ii) UTTAM GALVA METALLICS LTD and LIBERTY COMMODITIES ASIA PTE LTD have obtained and shall maintain in full force and effect all necessary powers, authorizations and consents required or desirable in connection with this Agreement (iii) UTTAM GALVA METALLICS LTD's and LIBERTY COMMODITIES ASIA PTE LTD's obligations under this Agreement are legal, valid, binding and enforceable in accordance with their respective terms.

## ARTICLE IV: CHOICE OF LAW AND DISPUTE RESOLUTION

4.1  *Choice of Law.* This Agreement, and any non-contractual obligations arising from this Agreement, shall be construed and governed by the law of the Contract; being at all times the law of England and Wales.




4.2   Dispute Resolution. The Parties agree to resolve any dispute arising out of this Agreement, including disputes as to its formation and validity as set out in the 'Dispute Resolution' clause of the Contract.

### ARTICLE V : MISCELLANEOUS

5.1   Counterparts. This Agreement may be executed in counterparts, each of which shall have the effect of and be considered as an original of this Agreement.

5.2   Waiver. No failure of either Party hereto to exercise any right or power given it hereunder, or to insist upon strict compliance by the other Party of any obligation hereunder, and no custom or practice at variance with the terms hereto, shall constitute a subsequent waiver of the Party's right to demand exact compliance with the terms hereof.

5.3   Severability. The invalidity, illegality or unenforceability of any one or more of the provisions of this Agreement shall in no way affect or impair the validity and enforceability of the other provisions of the Agreement.

5.4   Confidentiality. The existence of, and the terms of, this Agreement shall be held confidential by the Parties save to the extent that such disclosure is made to a Party's banks, accountants, auditors, legal or other professional advisers, or as may be required by law, a competent court or a liquidator or administrator of a Party, or the other Parties have consented in writing to such disclosure.

[AUTHORIZED SIGNATURES AND COMPANY SEALS FOLLOW THIS PAGE]





